**FILED
CLERK**
4/14/2016 12:38 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MALIQUE WILSON,

                       Plaintiff,

        -against-

COUNTY OF NASSAU, HONORABLE JUDGE
DELLIGATTI, MAGDELINE [sic] SINGAS,

                       Defendants.
----------------------------------------------------------------X

**ORDER**
15-cv-5436 (SJF)(AKT)

FEUERSTEIN, District Judge:

I.     Introduction

On September 11, 2015, incarcerated *pro se* plaintiff Malique Wilson ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants County of Nassau ("the County"), Justice Angelo A. Delligatti, Justice of the Supreme Court of the State of New York, Nassau County ("Justice Delligatti"), and Madeline Singas, the Nassau County District Attorney ("D.A. Singas"). He contemporaneously filed an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

II.     The Complaint

In his brief complaint, submitted on the Court's Section 1983 complaint form, plaintiff alleges that on April 13, 2014, he was arraigned before Justice Delligatti following his indictment on three counts of burglary in the second degree. (Compl. ¶ IV.) On June 24, 2015, plaintiff was

sentenced "to time served concurrent to the prison time I'm serving." (*Id.*) According to the complaint, on July 24, 2015, plaintiff was informed by the grievance counselor that he "wasn't fingerprinted by the police precinct," and as a result, he "was never re-arrested and the County violated my civil rights by letting me get convicted without re-arresting me." (*Id.*) Plaintiff claims to have suffered "emotional distress, pain an[d] suffering, and mental anguish" resulting from the "unlawful imprisonment" and seeks to recover a damages award in total sum of four million dollars ($4,000,000). (*Id.* ¶¶ IV.A., V.)

III. Discussion

A. *In Forma Pauperis*

Having reviewed plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies plaintiff to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request for permission to proceed *in forma pauperis* is granted.

B. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis statute*, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), and to

construe them "to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)), *aff'd,* --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1937); *accord Dejesus v. FIF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

C. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the

violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation and citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Section 1983 does not create any independent substantive rights, rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "Despite the broad terms of § 1983, this Court has long recognized that the statute was not meant to effect a radical departure from ordinary tort law and the common-law immunities applicable in tort suits." *Rehberg*, 132 S. Ct. at 1502; *see also Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1665, 182 L. Ed. 2d 662 (2012) ("[Courts] read § 1983 in harmony with general principles of tort immunities and defenses." (quotations and citation omitted)). The Supreme Court has identified several governmental functions that are "absolutely immune from liability for damages under § 1983," including, *inter alia,* "actions taken by judges within the legitimate scope of judicial authority . . . [and] actions taken by prosecutors in their role as advocates." *Rehberg*, 132 S. Ct. at 1503 (citations omitted).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or by evidence of an official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the

unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of each defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

1. Municipal Liability

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotations and citation omitted); *see also Monell*, 436 U.S. at 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611. Municipalities and other local government units "may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011); (2) actions taken or decisions made by municipal policymaking officials, *i.e.*, officials with final decision making authority, that caused the alleged violation of plaintiff's civil rights, *Amnesty Am. v. Town of West*

*Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," *Connick*, 563 U.S. at 61, or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." *Cash*, 654 F.3d at 334 (quotations and citations omitted); *see also Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009).

Here, plaintiff's allegations are insufficient to state a claim against Nassau County under Section 1983 because the complaint does not allege: (1) the existence of a formal policy officially endorsed by the County; (2) actions taken or decisions made by officials with policymaking power which caused the alleged civil rights violations; (3) a practice so persistent and widespread as to practically have the force of law; or (4) a failure by County policymakers to properly train or supervise their subordinates, which amounts to "deliberate indifference" to the rights of those who come into contact with their employees. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of § 1983 claim based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Therefore, plaintiff's complaint does not state a plausible *Monell* claim against Nassau County and thus, the claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

2. Claim Against Justice Delligatti

Justice Delligatti is entitled to absolute judicial immunity. It is well-settled that judges are entitled to absolute immunity for damages arising out of judicial actions performed in their judicial capacity. *See Rehberg*, 132 S. Ct. at 1503; *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). As

a result, "if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction." *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2004). "[O]nce a court determines that an official was functioning in a core judicial or prosecutorial capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *DiBlasio v. Novello*, 344 F.3d 292, 297 (2d Cir. 2003) (internal quotation and citation omitted).

Even liberally construed, plaintiff alleges no acts performed by Justice Delligatti that fall outside the scope of absolute judicial immunity. Plaintiff's sparse allegations relate solely to Justice Delligatti's involvement in plaintiff's underlying criminal prosecution. Plaintiff complains that Justice Delligatti presided over his arraignment, and possibly his sentencing, although that is not clear from the complaint. Presiding over an arraignment and/or sentencing are actions that unquestionably fall within a judge's capacity. Accordingly, based upon the doctrine of absolute judicial immunity, plaintiff's § 1983 claim against Justice Delligatti is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

3. Claim Against D.A. Singas

Apart from the caption and her designation as "Defendant No. 3," D.A. Singas is not mentioned in the body of the complaint and there are no factual allegations of conduct or inaction attributable to her. Thus, plaintiff appears to impose liability on her solely because of the position that she holds. Since an "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority," *Back,* 365 F.3d at 127 (internal quotation marks and citation omitted), plaintiff's Section 1983 claim against D.A. Singas based on her position alone is not plausible and fails as a matter of law.

Additionally, Plaintiff's claim seeking damages against D.A. Singas is dismissed with

prejudice based upon the doctrine of absolute prosecutorial immunity. The Second Circuit instructs that:

> Absolute immunity affords 'complete protection from suit,' *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), because it gives 'public officials entrusted with sensitive tasks a protected area of discretion within which to carry out their responsibilities,' *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987), so that they will not feel 'constrained in making every decision by the consequences in terms of [their] own potential liability in a suit for damages,' *Imbler v. Pachtman*, 424 U.S. 409, 424-25, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The doctrine's nature 'is such that it "accords protection from . . . any judicial scrutiny of the motive for and reasonableness of official action,' *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (quoting *Robison v. Via,* 821 F.2d 913, 918 (2d Cir. 1987)), even where the challenged conduct was motivated by a wrongful motive or even malice, *Bernard v. County of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985)).

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95-96 (2d Cir. 2007) (alteration in original).

Under federal law, prosecutors enjoy absolute immunity from liability in suits seeking monetary damages for acts carried out in their prosecutorial capacities. *See Imbler*, 424 U.S. at 430, 96 S. Ct. 984, 47 L. Ed. 2d 128; *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). Absolute prosecutorial immunity applies, *inter alia*, when a prosecutor prepares to initiate and pursues a prosecution, *see*, *e.g.*, *Peay v. Ajello*, 470 F.3d 65, 68 (2d Cir. 2006), or engages in administrative duties that are directly connected with the conduct of a trial, *Van de Kamp v. Goldstein*, 555 U.S. 335, 344, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009). Once absolute immunity attaches, it "attaches to [the prosecutor's] function, not the manner in which he performed it. . . . Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." *Parkinson v. Cozzolino*, 238 F.3d 145, 150 (2d Cir. 2001) (internal quotations and citations omitted) (alteration in original); *see also Shmueli*, 424 F.3d at 237

8

(holding that once the court determines that the challenged prosecution was not clearly beyond the prosecutor's jurisdiction, the prosecutor is shielded from liability for damages for commencing and pursuing the prosecution, regardless of any allegations that his actions were undertaken with an improper state of mind or improper motive).

Since plaintiff does not allege that the underlying state court prosecution was undertaken in the complete absence of all jurisdiction, plaintiff's claim against D.A. Singas, based upon conduct involving, or relating to, the initiation and prosecution of a criminal action against plaintiff, is barred by absolute immunity. Accordingly, the complaint is dismissed in its entirety with prejudice as against the D.A. Singas pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915(A)(b)(1)-(2).

D.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*,

9

371 U.S. at 182, 83 S. Ct. 227. However, if amendment would be futile, *i.e.*, if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Here, amendment would be futile because, for the reasons set forth above, plaintiff's claims against Justice Delligatti and D.A. Singas are barred by absolute judicial and/or prosecutorial immunity. Furthermore, it would be futile for plaintiff to re-plead his claim against Nassau County because such claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S. Ct. 2372. The instant action for monetary damages rests upon plaintiff's allegation he was never arrested in connection with the burglary charges to which he plead guilty. Such allegation challenges the validity of plaintiff's conviction and is thus barred by *Heck*. As granting leave to amend here is unlikely to be productive, the Court declines to afford plaintiff leave to amend his complaint.[1] *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to

---

[1] The Court's denial of leave to amend the complaint is without prejudice to the filing of petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is cautioned that such a petition has certain procedural requirements, including that the constitutional claim was first exhausted in the state court system, and the Court makes no findings concerning these requirements here.

close this case.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is further directed to serve a copy of this Order on the *pro se* plaintiff.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: April 14, 2016
      Central Islip, New York